

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50166 | **DATE** | 7/18/2002 |
| **CASE TITLE** | Bender vs. Bracke, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted in part. Counts I-III are dismissed with prejudice. The clerk of the court is directed to remand this case back to the Circuit Court for the Nineteenth Judicial Circuit.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | JUL 18 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 50 |
| | Copy to judge/magistrate judge. | 2002 JUL 18 PM 3:06 | | |
| /LC6 | courtroom deputy's initials | FILED | 7-18-02 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiffs, Brian and Christina Bender, have filed a four-count second-amended complaint (mislabeled as their "first-amended complaint") against defendants, Ted Bracke and Richard Iverson, in their individual and official capacities as Chief of the Lakemoor Police Department ("Department") and a police officer for the Department, respectively. Originally filed in an Illinois state court, defendants subsequently removed the case to this court under 28 U.S.C. § 1441. The Benders now allege various constitutional violations under 42 U.S.C. § 1983 (Counts I-III) and a malicious prosecution claim brought under Illinois common law (Count IV). Original jurisdiction over the federal claims is proper based on 28 U.S.C. § 1331, supplemental jurisdiction over Count IV is proper under 28 U.S.C. § 1367(a), and venue is proper under 28 U.S.C. § 1391(b). Before the court is defendants' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

On May 20, 1997, Christina called the Department to have the building inspector for the Village of Lakemoor arrested for trespassing on the Benders' property. The Department refused, so Brian and Christina drove to the police station later that day to complain. When they arrived, Brian knocked on the door to the police station while Christina stayed in their van. Officer Iverson opened the door and invited Brian inside. Brian declined, though, because, as he explained to Iverson, he wanted to tape the entire conversation with a video camera he had set up inside the van. Iverson then invited Brian inside a second and third time, Brian refusing each time because he wanted to speak outside. After Brian's third refusal to come inside, Iverson moved away from the door. At that time Brian could hear Chief Bracke's voice from within. Brian then began to step into the station but, as he was crossing the threshold, the door was slammed shut (the record does not reveal which defendant slammed the door). The force of the blow knocked Brian to the ground and injured his right wrist and hand.

As an initial matter, the court clarifies the only constitutional basis for Brian's excessive force claim in Count I is substantive due process under the Fourteenth Amendment. Brian does make a cursory argument that a "seizure" under the Fourth Amendment occurred when defendants slammed the door, but the idea is absurd and deserves no further discussion. Because no other specific constitutional provision would apply in a non-custodial, non-seizure situation like this, Count I is by default governed according to substantive due process principles. See County of Sacramento v. Lewis, 523 U.S. 833, 842-44 (1998). This means that where, as here, defendants' actions did not involve split-second decisions with no time for forethought (as in a high-speed car chase or a prison riot), Brian must show defendants' culpability rose to the level of deliberate indifference, which is somewhere between ordinary negligence and "conscience-shocking." See id. at 849-50, 851, 853; Schaefer v. Goch, 153 F.3d 793, 797-98 (7th Cir. 1998). The court, however, finds he falls far short of this standard.

First and foremost, Brian has introduced no evidence that defendants were aware, or even should have been aware, he was trying to step inside as they (whoever it was) slammed the door. To the contrary, when Brian declined Iverson's three invitations to come into the police station, defendants had no reason to think Brian would suddenly change his mind. Brian testified in his deposition that he started to go inside once he heard Bracke's voice because he thought he "could make sense" with Bracke, but nowhere does he say he let defendants know he was going to step inside after all. Nor does Brian claim he was drawn inside because Bracke was talking to him – Brian admitted he could not tell what Bracke actually said. Thus, nothing in the minimal record before the court supports the idea that defendants intentionally slammed the door on Brian or even "consciously disregarded" a "known or obvious danger" they were doing so. Armstrong v. Squadrito, 152 F.3d 564, 577 (7th Cir. 1998).

In response Brian suggests a reasonable jury could infer defendants acted maliciously and sadistically toward him from the history of "bad blood" between him and defendants. Once again, though, this "bad blood" evidence (what little there is) says nothing about whether defendants were aware in the first place that Brian was crossing the threshold as they slammed the door. True, it could be used to infer they slammed the door because they did not like Brian (as opposed to just getting fed up with his stubborn refusal to come inside), but not that they slammed the door *on Brian* because they didn't like him.

To repeat, Brian offers no evidence that defendants were trying to injure him, that they were deliberately indifferent to his welfare, or even that they lacked justification when they slammed the door. Instead, the present record makes clear that slamming the door was simply defendants' way of, as they phrase it, putting an end to a "somewhat ridiculous exchange" about Brian's refusal to make his complaint inside the police station. As the Supreme Court has repeatedly emphasized, substantive due process is reserved for "only the most egregious official conduct," Lewis, 523 U.S. at 846; Dunn v. Fairfield Cmty. High Sch. Dist. No. 225, 158 F.3d 962, 965 (7th Cir. 1998), and slamming a door on someone after he has refused repeated invitations to come in is, in this court's opinion, simply too tepid to fall under that category. Cf. Cummings v. McIntire, 271 F.3d 341, 345-47 (1st Cir. 2001) (finding no substantive due process violation where police officer intentionally shoved plaintiff who asked officer for directions while officer was directing traffic); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996) (finding no substantive due process violation where teacher slapped student across face in anger and without any legitimate disciplinary purpose); Dunn, 158 F.3d at 965 (finding no substantive due process violation where school principal gave two students an "F" in band class).

Because the court finds the "battery" – as the Benders themselves repeatedly refer to it – alleged in Count I does not rise to constitutional magnitude, it accordingly dismisses Counts II and III (claims for municipal liability under Monell v. Department of Soc. Srvcs., 436 U.S. 658 (1978), and conspiracy under § 1983, respectively) as well. See Treece v. Hochstetler, 213 F.3d 360, 364 (7th Cir.) (municipality's liability under § 1983 requires finding that individual officer is liable on the underlying substantive claim), cert. denied, 531 U.S. 957 (2000); Vukadinovich v. Zentz, 995 F.2d 750, 756 (7th Cir. 1993) (§ 1983 conspiracy claim requires plaintiff to prove a deprivation of his constitutional rights). With all of the federal claims thus having been dismissed, the court declines to exercise supplemental jurisdiction over Count IV. See 28 U.S.C. § 1367(c)(3).

For the reasons stated above, defendants' motion for summary judgment is granted in part. Counts I-III are dismissed with prejudice. The clerk of the court is directed to remand this case back to the Circuit Court for the Nineteenth Judicial Circuit.